IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLGA SALAZAR, Personal Representative,
of the Estate of JESUS MARQUEZ,

      Plaintiff,

     v.                                                             Civil No. 15-00417 WJ/WPL

SAN JUAN COUNTY DETENTION CENTER ("SJDC")
SAN JUAN COUNTY, SAN JUAN REGIONAL MEDICAL
CENTER ("SJRMC"), THOMAS C. HAVEL, INDIVIDUALLY
AND AS ADMINISTRATOR OF SJCDC, DR. ERIC KETCHAM,
INDIVIDUALLY, CINDY KETCHAM, INDIVIDUALLY,
KATIE (Unknown Surname), RN,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO CONSOLIDATE**

THIS MATTER comes before the Court upon a Motion to Consolidate by San Juan Regional Medical Center ("SJRMC"), filed August 11, 2015 **(Doc. 23).** Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied. Motions to Consolidate have also been filed in the following related cases:

15 cv 0439 JCH/SCY  Berkey, et al., v. San Juan County Detention Center, et al.
15 cv 0497 KK/SCY Carter v. San Juan County Detention Center et al.; and
15 cv 0526 KBM/KK Jones v. San Juan County Detention Center et al.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidations of cases. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. Rule 42(a). "Whether to

grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 886 F. Supp. 1560, 1572 (D.N.M. 1994).  In exercising its discretion, courts "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause". *Id*

Plaintiffs do not oppose the motion, and other Defendants take no position on the motion. Defendant SJRMC contends that consolidation is appropriate because all of the cases involve common questions of law and fact because they are based on allegations about the medical treatment of inmates at the detention center, they all involve claims arising under the Eighth Amendment and claims for medical negligence, and they seek the same type of declaratory relief.  Defendant SJRMC also contends that consolidation will promote the interest of judicial convenience by avoiding delay, confusion and inconsistent results because the cases are in their early stages.

The Court does not share Defendant SJRMC's view regarding the benefits of consolidation.  The Court does agree that there is a general similarity among the cases in that each asserts constitutional, statutory and state law claims arising from the alleged denial of medical care to inmates at the San Juan County Detention Center.  Additionally, all of the plaintiffs in all four cases are represented by the same law firm in Farmington, and all of the common defendants are represented by the same counsel.   However, their similarity ends there. One of the cases, 15cv439 involves 27 plaintiffs alleging the denial of medical care to inmates, and each plaintiff alleges different violations.  The other three lawsuits are wrongful death cases that have factual distinctions because each decedent died of different medical conditions.

The Court finds that there is no benefit to consolidation of these cases.  There is little risk that a denial of consolidation will result in either confusion or inconsistent results where the underlying facts and situations are distinguishable.

While the Court is denying the Motion to Consolidate, the Court recognizes that some form of consolidation may be justified for discovery purposes since many of the witnesses may be the same in the four related cases.  Thus, discovery consolidation may eliminate the need for multiple depositions of the same witnesses.  For example, consolidation may be helpful for limited purposes such as 30(b)(6) depositions of the detention center, the county and the medical center.  The potential for consolidation on discovery is a matter that counsel can address with U.S. Magistrate Judge William P. Lynch when he conducts a Rule 16 conference.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Consolidate by San Juan Regional Medical Center ("SJRMC") **(Doc. 23)** is hereby DENIED for reasons stated in this opinion.

_____
UNITED STATES DISTRICT JUDGE